COURT OF CHANCERY
OF THE
STATE OF DELAWARE

TAMIKA R. MONTGOMERY-REEVES
VICE CHANCELLOR

Leonard L. Williams Justice Center
500 N. King Street, Suite 11400
Wilmington, Delaware 19801-3734

Date Submitted: October 7, 2016
Date Decided: November 15, 2016

Richard L. Renck
Oderah C. Nwaeze
Duane Morris LLP
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801

William A. Hazeltine
Sullivan Hazeltine Allinson LLC
901 North Market Street, Suite 1300
Wilmington, DE 19801

RE:  *Jonathan Abelmann and Richard B. Greiwe v. Bryan Granum, et al.*
Civil Action No. 12041-VCMR

Dear Counsel:

This Letter Opinion addresses plaintiffs' motion for judgment on the pleadings and petition for judicial dissolution. For the reasons stated below, the motion is granted.

On February 24, 2016, Jonathan Abelmann ("Abelmann") and Richard B. Greiwe ("Greiwe," together with Abelmann, "Petitioners") filed a verified petition (the "Petition") for judicial dissolution of NAP Partners, LLC (the "Company" or "NAP Partners"). On April 6, 2016, Bryan Granum ("Granum") and Element NYC, LLC ("Element," collectively with Granum, "Respondents"), filed their

verified answer and affirmative defenses to the petition (the "Answer"). On May 11, 2016, Petitioners filed a motion for judgment on the pleadings ("Motion"). On June 13, 2016, Respondents filed their opposition to the motion for judgment on the pleadings ("Opposition"). On October 7, 2016, the Court held oral argument on the Motion.

A court may grant a motion for judgment on the pleadings under Court of Chancery Rule 12(c) when, accepting as true and drawing all reasonable inferences from the nonmoving party's well-pleaded facts, the Court finds that "there is no material fact in dispute and the moving party is entitled to judgment under the law."[1] Under Section 18-802 of Chapter 6 of the Delaware Code, a member or manager may apply to the court for dissolution of a limited liability company "whenever it is not reasonably practicable to carry on the business in conformity with a limited liability company agreement."[2] Judicial dissolution is a discretionary remedy and is "granted sparingly."[3] The remedy may be granted

---

[1] *In re Seneca Invs. LLC*, 2008 WL 4329230, at *2 (Del. Ch. Sept. 23, 2008) (quoting *Warner Commc'ns Inc. v. Chris-Craft Indus. Inc.*, 583 A.2d 962, 965 (Del. Ch.1989), *aff'd*, 567 A.2d 419 (Del. 1989)).

[2] 6 *Del. C.* § 18-802.

[3] *Meyer Natural Foods LLC v. Duff*, 2015 WL 3746283, at *3 (Del. Ch. June 4, 2015) (quoting *Wiggs v. Summit Midstream P'rs*, 2013 WL 1286180, at *12 (Del. Ch. Mar. 28, 2013).

when there is a deadlock "that prevent[s] the entity from operating and where the defined purpose of the entity [is] fulfilled or impossible to carry out."[4]

Here, both parties agree that Petitioners have standing to bring the Petition, that the Company is at a deadlock, and that the entity should be dissolved.[5] Respondents' only argument against the judicial dissolution is that it may prejudice Element in a civil action currently pending in California state court. Respondents therefore request that the Court use its discretion to delay dissolution until after that matter is resolved. Petitioners argue that any delay in dissolution may affect the damages awarded in any potential recovery under the California action.[6]

At argument, Petitioners stated they are not opposed to an order that dissolves the entity on the condition that Petitioners cannot use the non-existence of the entity as a defense or to challenge Respondents' standing to bring the California action once the entity is dissolved.[7] While Respondents agree to certain conditions preventing them from using the dissolution as a sword in the California

---

[4]     *Id.* (quoting *In re Seneca Invs. LLC*, 970 A.2d 259, 262 (Del. Ch. 2008)).

[5]     Resp't Opp'n Br. 1 (stating Petitioners are members and managers of NAP Partners); Oral Arg. Tr. 11.

[6]     Oral Arg. Tr. 6.

[7]     *Id.* at 13.

action, they ask that the dissolution not foreclose argument in the California action over any damages or mitigation thereof. While the Court expresses no opinion on the merits or validity of any potential argument regarding damages, the request is a reasonable one.

I grant the motion for judgment on the pleadings, subject to the conditions that the Petitioners may not use the dissolution of the company as a pretext for any challenge to the validity of the California action or Element's standing to prosecute that action. This ruling, however, does not preclude any argument by the Petitioners regarding the end date for mitigation of damages in the California action.

Parties shall submit a joint implementing form of order within ten days of the date of this letter.

**IT IS SO ORDERED.**

Sincerely,

*/s/Tamika Montgomery-Reeves*

Vice Chancellor

TMR/jp